## In re Jersey Shore Trust Company

*Carpenter & Carpenter*, for petitioners.

LARRABEE, P. J., January 5, 1950.—It appears that during the year 1933 the Jersey Shore Trust Company, a banking corporation organized under the banking laws of the Commonwealth of Pennsylvania, and having its principal place of business in the Borough of Jersey Shore, County of Lycoming, and

State of Pennsylvania, was reorganized and a new bank, to wit, the Jersey Shore State Bank was formed under the laws of the State of Pennsylvania, and under the plan of reorganization it provided for the liquidation of the nonliquid and depreciated assets of Jersey Shore Trust Company by three trustees for the benefit of the depositors, creditors and stockholders of said Trust Company. That by written agreement bearing date of May 7, 1934, T. A. Sallada, C. E. Carpenter and B. F. Frances were appointed such liquidating trustees and entered at once upon their duties. The three trustees and the successor trustee, William M. McKinney have proceeded to liquidate from time to time such nonliquid assets of the trust company consisting of mortgages, judgments, promissory notes and other obligations, together with many appraisals of real estate, both improved and unimproved, corporate stocks and bonds and other collateral of various kinds which had been pledged by debtors of the trust company, which assets had a book value of $1,435,423.72. That the three trustees continued in their duties down to the present time. It appears that in August 1941 one of the trustees, T. A. Sallada, died, and William M. McKinney was appointed as successor trustee and has continued in the work of the trusteeship down to the present time.

On December 6, 1949, a petition was presented to this court by Frank H. Painter and Rev. William Fitzgerald, both residents of the Borough of Jersey Shore, which represents that the same is presented in their own names as well as for other depositors of the Jersey Shore Trust Company, praying the court to award a suitable compensation to the trustees for their long period of service and petitioners respectfully suggest that compensation at the rate of $120 per year be awarded.

A hearing for the purpose of fixing the compensation of the trustees was held on December 27, 1949, after due public notice had been published in the Jersey Shore Herald on December 8 and 14, 1949.

The undisputed testimony shows that the trustees held conferences and meetings each week, also many special meetings during the period of this liquidation, and were consulted frequently, at other times, as questions arose requiring their judgment in the matter. The testimony further shows that the amount derived from the liquidation under the administration of the trustees was "approximately $1,200,000" and that down to the date of the hearing the depositors in said Jersey Shore Trust Company had received an amount equal to 76% of the amount of their respective original deposits.

The testimony shows that during the period the trustees rendered these services they received no compensation whatsoever.

No one appeared at the public hearing to give evidence to contradict that which was offered on behalf of petitioners and no one was present to raise any question as to the propriety of the trustees being awarded a suitable compensation for their services.

Now, therefore, to wit, January 5, 1950, after due consideration of the matter and in the light of the undisputed testimony the sum of $1,800 is awarded to each of the two trustees, B. F. Frances and C. E. Carpenter, whose services as trustees have continued for the entire period of the liquidation, to wit, 15 years, and representing a sum equal to $120 per year for the 15 years and there is awarded to the successor trustee, William M. McKinney, who served eight years as such trustee, the sum of $960 which represents compensation at the same annual rate for the period of eight years.